IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| MARION CADDELL | § | |
| VS. | § | CIVIL ACTION NO. 5:09cv151 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Marion Caddell, an inmate confined at the Clements Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

On March 14, 2007, in the 241st District Court of Smith County, Texas, petitioner was convicted of delivery of a controlled substance. Petitioner sentenced to a term of life imprisonment. Petitioner brings this petition contesting his conviction and sentence.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner was convicted and sentenced in Smith County which is located in the Tyler Division of the Eastern District of Texas. Thus, jurisdiction is proper in the Eastern District of Texas. However, the petition has been inadvertently filed in the Texarkana Division instead of the Tyler Division.

While jurisdiction is proper in the Eastern District of Texas, the court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the petitioner was convicted.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of a conviction which occurred in the Tyler Division, all records and witnesses involving this action most likely will be located in the Tyler Division. Thus, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Eastern District of Texas, Tyler Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this   25   day of   November  , 2009.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE